EDWARD A. SMITH, APPELLEE, V. JOSIAH T. LONG ET AL., IMPLEADED WITH GEORGE W. E. DORSEY, APPELLANT.

FILED MARCH 3, 1897. No. 7129.

Mortgages: ASSIGNMENT: FRAUDULENT RELEASE: MORTGAGEE'S LIABILITY. The fraudulent release of a mortgage by the mortgagee after the indorsement without recourse of the bond and coupons, thereby secured, in favor of a third party having notice of the rights of the holder, does not of itself render the former liable in an action *ex contractu* for the amount of such debt.

APPEAL from the district court of Cuming county. Heard below before NORRIS, J. *Reversed.*

*E. F. Gray* and *D. B. Carey*, for appellant.

*H. C. Brome* and *Charles Offutt, contra.*

POST, C. J.

This was an action by the appellee, Smith, in the district court for Cuming county, to foreclose a certain real

estate mortgage executed by C. H. Toncray and wife to
George W. E. Dorsey, to which the Toncrays, Dorsey, the
mortgagee, Josiah T. Long, Peter Nelson, Adrian Steven-
son, Otto Baumann, as guardian for Adrian Stevenson,
an infant, and R. C. Peters were made defendants.   The
petition recites the execution of the mortgage by Ton-
cray and wife, covering 382 acres of land in Cuming
county, to secure the bond of the former in the sum of
$3,500, bearing date of April 1, 1887, and maturing April
1, 1892, with interest at seven per cent, payable semi-
annually, according to the tenor of ten coupon notes at-
tached thereto for $122.50 each; also the filing for record
of said mortgage in Cuming county on the 30th day of
April, 1887, and concluding as follows: "That on the 2d
day of May, 1887, said defendant George W. E. Dorsey
indorsed said bond as follows: 'Pay to the order of   *   *
without recourse, George W. E. Dorsey,' and at the same
time, by like words, indorsed each of said coupons, and
thereupon sold and delivered the same, and all thereof,
to this plaintiff, together with the said original mortgage.
*   *   *   That lately heretofore, to-wit, on the 11th day
of October, 1890, and again on the 22d day of November,
1890, the said defendants George W. E. Dorsey and C. H.
Toncray, unlawfully and fraudulently conspiring to-
gether to cheat and defraud this plaintiff and their co-
defendants, Josiah T. Long, Peter Nelson, Otto Baumann,
guardian of Adrian Stevenson, Adrian Stevenson, and
R. C. Peters, did undertake to release the said mortgage
and lien so as aforesaid acquired and held by this plaint-
iff, in manner and form as follows, to-wit, that is to say:
That on October 11, 1890, the said George W. E. Dorsey,
unlawfully, falsely, and fraudulently pretending that he,
the said Dorsey, was still the owner of said mortgage,
for the alleged consideration of $1,000 did undertake to
execute to his co-defendant, C. H. Toncray, and his wife,
Emma R. Toncray, a release of the said mortgage held
by this plaintiff, on the   *   *   *   and in like manner
did, on November 22, 1890, illegally, falsely, and fraudu-

lently pretending that he was the owner of said mortgage, for the purported consideration of $500, undertake to release to his co-defendant and his wife, Emma R. Toncray, the said mortgage then owned and held by this plaintiff on the   *   *   *   but the same, and both thereof, were fraudulent, null, and void, for inasmuch as at that time this plaintiff, for valuable consideration, as the said Dorsey and Toncray well knew, was the owner and holder of the said mortgage so as aforesaid executed by the said Toncray to said Dorsey on April 1, 1887, for $3,500, and the said Dorsey, as he then well knew, had no interest in or right or title to said mortgage, or any part thereof, and his, the said Dorsey's, pretense that he had the right to release the same was, as he, the said Dorsey, well knew, a fraud upon his co-defendants, the said Josiah T. Long, Peter Nelson, Otto Baumann, guardian of Adrian Stevenson, Adrian Stevenson, and R. C. Peters, and the said alleged release of October 11, 1890, for the recited consideration of $1,000, was illegal, null, and void, for inasmuch as the same, even though the said Dorsey had had the right to execute it, was not acknowledged in manner and form as required by law, nor duly witnessed, the said C. H. Toncray himself, the grantee, and no other person, being the notary public before whom the same purported to be executed, and the said release of November 22, 1890, for the purported consideration of $500, was not executed by the said Dorsey in the presence of a disinterested notary public, and was not attested or certified as required by law, and neither of said releases were entitled to be recorded.   And further, this plaintiff says that the said defendants, Josiah T. Long, Peter Nelson, Otto Baumann, guardian of Adrian Stevenson, Adrian Stevenson, and R. C. Peters, and each and all of them, acquired their interest, if any they had, in said premises negligently and carelessly, and without any regard for the rights of this plaintiff, and well knowing that this plaintiff's said mortgage was not due, still of record, unreleased, and unpaid." The prayer is for a decree of

foreclosure, that the plaintiff's mortgage may be adjudged to be a first lien upon the premises therein described, and for a deficiency judgment against the aforesaid maker and indorser of the mortgage bond. To said petition Dorsey interposed a general demurrer, which was overruled, and the cause proceeded to decree adjudging the releases above mentioned to be in all respects valid, and to operate as a discharge of so much of the mortgaged property as is therein described. The court also apportioned the mortgage debt between the property thus released and the portion thereof which, according to said decree, is still subject to the lien, and rendered personal judgment against Dorsey in the sum of $2,033.49, from which the latter alone appeals.

Practically the only proposition argued at this time is that the petition fails to state a cause of action against Dorsey, the appellant, for the reasons, as alleged therein, that the bond and coupons were indorsed without recourse, and that the rights of the other defendants, if any, were acquired with knowledge that the plaintiff's said mortgage was still of record, unmatured, unreleased, and unsatisfied. The only purpose of the plaintiff in joining Dorsey as a party defendant was, as we have seen, to secure against him a deficiency judgment, or, in other words, to charge him with the amount of the mortgage debt. It is to be regretted that the plaintiff has failed to submit a brief upon this appeal, or to indicate the ground of Dorsey's alleged liability for the mortgage debt. If the plaintiff's security has been destroyed or impaired through the fraudulent act of the mortgagee named, the latter would, as a matter of course, be liable for damage in an action *ex delicto*, or possibly upon an accounting therefor in this proceeding. The petition is, however, not silent merely respecting the damage, if any, resulting from the attempted release by Dorsey of portions of the mortgaged property, but it appears affirmatively therefrom that the plaintiff's security is in nowise affected, since, as expressly charged, the other defend-

ants, whether as purchasers or mortgagees, were fully advised of his (plaintiff's) rights in the premises, and their interests therein, of whatever nature, are in law subordinate to the lien of his mortgage. Nor can the petition be said to state a cause of action for nominal damage, since, as appears therefrom, the purpose of the action is not to recover such damages as result directly from the tort alleged, but to charge the appellant as a party to the mortgage debt. The decree is reversed and the cause remanded, with instructions to sustain the appellant's demurrer, and for further action not inconsistent with this opinion.

REVERSED.